IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE PERKINS, # R-16760,           )
                                     )
        Plaintiff,                   )
                                     )
    vs.                              )    Case No. 13-cv-1182-MJR
                                     )
WILLIAM RANKIN, M.D.,                )
and ALFONSO DAVID,                   )
                                     )
        Defendants.                  )

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Shawnee Correctional Center ("Shawnee"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 12-year sentence on a drug conviction. Plaintiff claims that Defendants, both prison physicians, were deliberately indifferent to his serious medical condition and pain.

More specifically, Plaintiff claims that he was attacked and brutally beaten by several other inmates on January 11, 2013, while he was incarcerated at the East Moline Correctional Center ("East Moline") (Doc. 1, pp. 5, 7). His injuries included a broken left ankle. After an x-ray, he was given a splint and crutches, and placed in the East Moline segregation unit, where he remained for about a month (Doc. 1, p. 7). During that time, he was in severe pain, but Defendant Rankin refused to provide him with any pain relief whatsoever, and gave him no further medical treatment.

On February 13, 2013, Plaintiff was transferred to Shawnee. Nurses there provided him with some Tylenol for the ongoing pain, which lasted for a few days. However, when Plaintiff saw Defendant David on February 21, he refused to provide Plaintiff with any

more pain medication (Doc. 1, p. 8). Defendant David issued Plaintiff medical passes (slow-walk, low bunk and low gallery) but no pain medication until Plaintiff begged him for it on April 18, 2013. He then gave Plaintiff a two-week supply of Tylenol, but refused to issue anything more (Doc. 1, p. 8). Plaintiff claims that other than the passes and limited pain medication, Defendant David provided no treatment for his broken ankle. He filed grievances with the Administrative Review Board and with the Shawnee Warden, but received no response.

Plaintiff seeks an order for the Defendants to provide him with medical care for his "still-broken" ankle, as well as damages (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Rankin and David for deliberate indifference to his serious medical needs, both for failure to render treatment for Plaintiff's broken ankle, and for failure to take measures to alleviate his serious, ongoing pain.

The Court is cognizant that the claim against Defendant Rankin did not arise in the Southern District of Illinois, but is based on events that occurred in the Central District of Illinois, where East Moline is located, and where Defendant Rankin presumably resides. At this time, the claims appear to be sufficiently factually related to allow them to proceed together in this lawsuit. Additionally, it would appear that Plaintiff's claim for injunctive relief against Defendant Rankin is moot. Only if Plaintiff can show a realistic possibility that he would again be incarcerated at East Moline under the conditions described in the complaint, would it be

proper for the Court to consider injunctive relief against Defendant Rankin. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

**Disposition**

When this case was opened, Defendant David was listed as "David Alfonso," indicating that Alfonso is the surname. However, it appears from the pleadings and exhibits that this Defendant's surname is David. The Clerk is **DIRECTED** to correct the docket sheet accordingly.

The Clerk of Court shall prepare for Defendants **RANKIN** and **DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an

appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 9, 2013**

s/ MICHAEL J. REAGAN  
United States District Judge
